IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUADALUPE ADAMS,
    Plaintiff,

vs.                                                        No. 18-1034-JTM

COWLEY CINEMA 8, LLC,
    Defendant.


GUADALUPE ADAMS,
    Plaintiff,

vs.                                                        No. 18-1046-JTM

SPANGLES, INC.,
    Defendant.


GUADALUPE ADAMS,
    Plaintiff,

vs.                                                        No. 18-1047-JTM

REGAL HOTELS, LLC,
    Defendant.


MEMORANDUM AND ORDER

The defendants in these three ADA actions have moved for attorney fees against plaintiff Guadalupe Adams pursuant to Section 1972 and the inherent power of the court. The three cases all involve the same counsel for plaintiff, Pete Monismith, and for the respective defendants Cowley County Cinema 8, Regal Hotels, and Spangles Inc., David

Calvert. As with many of the other actions filed on behalf of Adams in the District of Kansas, each of these cases allege various ADA violations at a given small or medium size commercial enterprise. Each case was filed in early 2018, Adams identifying particular violations of ADA disability access provisions.

Although it discusses particular aspects of each case below, the court resolves the present motions by a single Order, to be entered in each case, for three reasons. First, unlike most cases filed by Adams prior to her death in late 2018, case, the three defendants here did not settle or fail to defend the claims, but instead moved energetically to remediate the identified access barriers. Each of the three cases accordingly presents a nearly identical sequence of events by which defendants notified plaintiff of the repairs which would render the allegations in the complaints moot, and the responsive escalation by plaintiff by meritless pleading. Second, the arguments presented by the parties are in many instances identical. Finally, a uniform approach allows the court to take note of a pattern of behavior which the court concludes is both vexatious and contrary to the remedial spirit of the ADA.

Sanctions under § 1927 may be awarded where an attorney "acts recklessly or with indifference to the law." *Steinert v. Winn Grp.*, 440 F.3d 1214, 1222. (10th Cir. 2006). Such recklessness is demonstrated when counsel shows "a serious and standard disregard for the orderly process of justice." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). The court must take care not to inhibit representation undertaken with "legitimate zeal." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (*en banc*).

**Cowley Cinema 8**

Both parties filed motions for summary judgment: Adams on August 28 and the Cinema on September 17. (Dkt. 12, 15). Adams has argued the Cinema failed to timely respond to its discovery requests in July and August, and points to an ambiguity as to actual status of repairs, based on the Cinema's August 22, 2018 report which stated both that all ADA deficiencies "have been corrected" but also stated that they "are in the process of being corrected." The Cinema's motion argued that Adams' claims were moot, given the repairs addressing all deficiencies identified in the July 16 Rule 34 report provided by the plaintiff.

The court finds no support in the record for the claim by the plaintiff that she was "deterred from proving her case" because of a lack of evidence that the repairs were actually completed. (Dkt. 31, at 8). The assertion is untrue, and in any event, plaintiff could have obtained relief by filing a motion to compel. Instead, she filed a plainly insufficient motion for summary judgment, apparently as a means of thwarting the defendant's attempt at remediation. Reviewing the pleadings, the court finds that Adams' challenges to the evidence establishing the repairs are plainly insufficient, and the asserted "discovery disputes" would not have prevented summary judgment.

Plaintiff complains that the repairs were documented by an owner of the theater, who is not an ADA expert, and complains that the Cinema had failed to respond to discovery requests. But the plaintiff fails to show an expert was needed. The affiant

3

presented evidence as a fact witness, documenting that all of the ADA deficiencies identified by Adams' expert had been resolved. Adams has offered no evidence to rebut the fact that the repairs have occurred.

The alleged discovery dispute, based on the Cinema' August 22 response to plaintiff's interrogatories, was not a substantial basis for delaying resolution of the action. But even assuming the existence of a good faith discovery dispute, it does not explain plaintiff's conduct. Rather than filing a Motion to Compel the missing evidence, plaintiff filed a Motion for Summary Judgment, far in advance of the dispositive motion deadline. The plaintiff's Motion for Summary Judgment is entirely generic and manifestly insufficient as a matter of law. The key allegation of fact — that the Rule 34 violations "currently and continually exist at the properly" is not supported by *any* evidentiary record citation, in clear disregard of the D.Kan. Rule 56.1. Taken in context, these precipitous actions suggest that plaintiff, faced with a defendant who would rapidly have corrected all the previously identified ADA deficiencies, vexatiously attempted to multiply the litigation to defendant's detriment. Certainly, after defendant filed its own summary judgment motion on September 17, 2019, this conclusion is strongly supported by the facts of the case.

This multiplication also manifested itself in the discovery "dispute," which also reflects a sudden attempt to expand the scope of the litigation far beyond the previously identified ADA deficiencies. The plaintiff's interrogatories either addressed facts

previously apparent at the time of the Rule 34 inspection, or were addressed to issues beyond the specific deficiencies previously identified in the Rule 34 report.

The plaintiff argues that no sanctions should be awarded because the Cinema was not entitled to summary judgment based on mootness, stressing the heavy burden attending that defense, and citing the rejection of the defense in an ADA case, *Mize v. Kai, Inc.*, 2017 WL 5195203 (D. Colo. Nov. 9, 2017).

However, the court in *Mize* denied defendant's mootness argument when presented as a motion to dismiss, prior to any discovery. The court concluded that the "Defendant fails, *at this juncture*," to meet its burden, with the result that "[*a*]*t this stage*, the court concludes that the more prudent course is to allow discovery to proceed on these issues such that the Parties can better support their positions at summary judgment." *Id.* at *4.

Once discovery has documented the existence of physical modifications to physical barriers, courts have not hesitated to dismiss similar ADA actions as moot. Thus, "courts have generally found that the alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future." *National Alliance for Accessibility v. Walgreen Co.*, 2011 WL 5975809, *3 (M.D. Fla. Nov. 28, 2011) (internal quotations omitted). The burden of demonstrating that a harm is not likely to occur in the future is "formidable," *Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2005) (citing *Friends of the Earth v. Laidlaw Env. Serv.*, 528 US. 167, 191 (2000)), but it is not insuperable. Thus, in *Tandy* the court upheld dismissal of an action where

5

there was "[n]othing in the record [which] suggests that Wichita Transit intends to resume its discontinued policies if this case is dismissed as moot." *Id*.

Courts in the Tenth Circuit have reached the same conclusion:

> Plaintiff has not offered any evidence that Defendant intends to reaffix its soap dispenser at a higher, non-compliant location, or remove the signs in the parking lot at the close of these proceedings. Nor has Plaintiff offered any reasons why Defendant might be motivated to invest in said changes and risk further litigation on the matter.

*Kelley v. Café Rio, Inc.*, 2017 WL 5499781, *3 (D. Utah. Nov. 15, 2017). Similarly, in *Burningham v. Costco Wholesale*, 2017 WL 6512290, *3 (D. Utah Dec. 17, 2017), the court granted summary judgment based on affidavit evidence showing that the retailer remedied specific deficiencies alleged by plaintiff.

> Based on this, the court is convinced that there is no reasonable expectation that the alleged violation will recur. The Court sees no reason why Costco would expend the time and resources to *remove* a mirror that has been *permanently* affixed to the wall of the men's restroom. Indeed, Costco installed the mirror, and removing it would simply expose Costco to the very type of liability that it seeks to avoid. Notably, Burningham offers no reason as to why Costco would willingly violate the ADA after bringing itself into compliance.

(Emphasis in original).

Having reviewed the pleadings, the court is firmly convinced that the defendant Cinema was entitled to summary judgment on the issue of mootness, and the plaintiff had no factual or legal justification for seeking summary judgment.

**Adams v. Regal Hotels**

Adams identified a variety of ADA violations at the Springfield Inn in Wichita, Kansas operated by the defendant in her February 12, 2018 Complaint. (Dkt. 1). As in *Cowley Cinema 8*, Adams offered to settle the matter if Regal fixed the deficiencies and paid $10,000 in fees and expenses. Plaintiff's expert conducted a Rule 34 inspection and prepared a July 11 Report of the alleged deficiencies.

Adams filed a Motion for Summary Judgment on August 28. (Dkt. 14). The motion and supporting brief are virtually carbon copies of the motion in *Cowley Cinema 8*, with again, no evidence at all to support plaintiff's claim that the violations were ongoing and had not been remedied. (Dkt. 14, at 4). As in *Cowley Cinema 8*, the motion was filed substantially in advance of the dispositive motion deadline.

On September 13, Regal responded to plaintiff's discovery requests, stating that "all barriers" in the Report had been removed, except for one item, which it contended was not an ADA violation under the relevant regulation. Regal stated that in light of the renovations, the action should be dismissed.

Regal submitted its own motion for summary judgment on September 24, providing evidence documenting the repairs. (Dkt. 19). Only after Regal's motion did Adams belatedly file a Motion to Compel (Dkt. 23), which, as in *Cowley Cinema 8*, sought discovery for matters beyond the previously identified Rule 34 deficiencies.

Plaintiff's arguments in opposition to an award of fees are identical to those presented in *Cowley Cinema 8*, and the court finds these unpersuasive for the reasons previously stated. Plaintiff's expert identified 4 specific ADA deficiencies, and proposed

7

specific solutions. (Dkt. 14-2, at 4-6). The factual existence of the repairs was documented by Regal's expert, Jason Madhu, and plaintiff provided no evidence which would put the existence of the repairs in doubt. (Dkt. 22, at 3). The discovery requested by plaintiff was not relevant to the problems previously identified by plaintiff's own expert, was previously available to the plaintiff, or both.

**Adams v. Spangles**

Adams's February 12 Complaint identified eleven ADA violations at a fast food restaurant operated by the defendant in her February 12, 2018 Complaint. (Dkt. 1, ¶ 15). As in *Cowley Cinema 8* and *Regal Hotels*, Adams promptly offered to settle the matter if Spangles fixed the deficiencies and paid $10,000 in fees and expenses. Plaintiff's expert conducted a Rule 34 inspection and prepared a report of the alleged deficiencies.

On August 6, Calvert wrote to Monismith that "[a]ll problems [in the Rule 34 Report] have been resolved," and asking him to dismiss the case. The plaintiff asked for additional discovery and proposed another inspection. Citing the prior unrestricted inspection, the defendant refused additional inspection but provided additional discovery on August 17, including an affidavit and photographs of the repairs.

When Regal stated that the matter was moot, plaintiff asked for additional discovery, which defendant opposed as irrelevant. Rather attempting further correspondence or filing a timely Motion to Compel, Adams filed a Motion for Summary Judgment on August 27. (Dkt. 14). The motion and supporting brief are, again, virtually

carbon copies of the motion in *Cowley Cinema 8* and *Regal Hotels* – including the utter lack of evidence to support the allegation that the ADA deficiencies identified in the Rule 34 Report "currently and continually exist." (Dkt. 14, ¶ 7). As in the other cases, the motion was filed substantially in advance of the dispositive motion deadline.

Regal submitted its own motion for summary judgment on September 8, providing evidence documenting the repairs. Only after Regal's motion did Adams belatedly file a Motion to Compel (Dkt. 27), which, as in *Cowley Cinema 8*, sought discovery for matters beyond the previously identified Rule 34 deficiencies.

Plaintiff's arguments in opposition to an award of fees are identical to those presented in the preceding cases, and the court rejects these arguments for the reasons previously stated. Plaintiff's expert again identified 4 areas of the restaurant with specific ADA deficiencies, and proposed specific solutions. (Dkt. 14-2, at 3). The factual existence of the repairs was documented by Spangles ADA Compliance Officer David Dooman, and plaintiff provided no evidence which would put the existence of the repairs in doubt. (Dkt. 25, at 2-3). The discovery requested by plaintiff was not relevant to the problems previously identified by plaintiff's own expert, was previously available to the plaintiff, or both.

Here, the defendants permitted full and free Rule 34 inspections of their properties. Adams' expert duly inspected the properties, and reported how the properties violated the ADA in specific ways. Faced with defendants actively renovating their properties to fix those problems identified by her expert, plaintiff responded by

precipitously filing meritless summary judgment motions which failed to comply with the rules of the court. In addition, plaintiff raised discovery issues far beyond the previously-identified deficiencies, addressing matters which would not affect the outcome of defendant's mootness defense.

**Conclusions of Law**

The court is mindful of the heavy burden for establishing a right to fees under Section 1927, and the need to protect the ability of counsel to zealously represent their client. Sanctions are not imposed merely for failing to defeat summary judgment. But they are appropriate when a party tries to multiply the costs of litigation without any reasonable basis, and indeed attempts to circumvent the underlying remedial goal of the ADA. The Act seeks to encourage precisely the conduct employed by the defendants in the present actions—the early identification and remediation of specific barriers to access.

This goal is entirely frustrated by the apparent approach of the plaintiff, which first identifies a specific set of deficiencies, but, when these are fixed, attempts to restart the case from scratch in search of new potential violations. This moving target approach has the result of actively *discouraging* defendants from good faith attempts at remediation, and supports the award of fees, measured from the time when the defendants documented the repairs in their summary judgment motions. In reaching this conclusion, the court takes particular note of the plaintiff's carbon-copy summary judgment motions–

filed precipitously and without support—in an obvious attempt to escalate costs and to frustrate remediation and resolution of the action.

The court finds no merit in plaintiff's recent *post hoc* attempts to argue against specific aspects of the defendants' summary judgment. More importantly, however, such arguments can never excuse the vexatious conduct reflected in plaintiff's preemptive, precipitous summary judgment motions, which affirmatively but falsely claimed that the deficiencies were "currently and continually in existence." The court accordingly concludes that defendants are entitled to compensation pursuant to 28 U.S.C. § 1927, as well as the inherent power of the court to sanction vexatious conduct.

**Amount of Fees**

Regal Hotel requests $18,533.50 in fees, Spangles $16,017.25, and Cowley Cinema $14,906.[1] In addition to the legal work incurred prior to Adams' demise, the defendants' fee request includes the work expended in support of their motions for fees. The defendants divide the shared total time preparing the background for the fee applications (13.6 hours, $4760) in three, for an award to each defendant of $1,586. In addition, defendants Cowley (6.4 hours) and Regal Hotels (6.6 hours) seek recovery for drafting the fee application in each case, as well as seeking a specified fee for the expert opinion

---

[1] The latter figure includes time spent in fashioning Cinema 8's Reply in support of the fee application. (No. 18-1034, Dkt. 32, at 15). Counsel in *Spangles* (No. 18-1046) represents he spent some nine hours preparing the Reply in that action, but makes no claim for as to this time. (Dkt. 43, at 8).

11

of Mr. Mike Stout as to the reasonableness of the fee. Finally, Cowley Cinema 8 seeks an additional 5.8 hours for the preparation of the Reply brief.

The court in its discretion finds that fees should be granted for the period after the defendants filed their summary judgment motions. Again, the court emphasizes that fees are not awarded here simply because plaintiff was or would have been on the losing end of summary judgment practice. Rather, fees are appropriate given the attempt to multiply the action without legitimate purpose. Here, the court in its discretion concludes that defendants should be compensated for their expenses incurred after they documented their repairs in connection with their dispositive motions.

The court determines that defendants are entitled to the time reasonably expended after the summary judgment in each case was filed. The court finds that the $350 hourly rate submitted by defendant's counsel is reasonable in light of the evidence, as is the slightly higher rate charged for the expert opinion offered by Mr. Stout. In awarding fees, the court takes into account the nature of the case and labor required, the fee customarily charged in the area, the amount involved and the results obtained, the experience, reputation and ability of Mr. Calvert, and the fixed nature of the fee arrangement.

In *Cowley Cinema 8*, the court awards fees of $7,556, reflecting (a) 5.5 hours of work subsequent to the summary judgment memorandum; (b) $1,586 (one third of the total time billed in all three cases for researching sanctions); (c) 6.4 hours documenting the fee

application specific to Cowley Cinema 8 (Dkt. 30-10 at 4), (d) the cost of the Stout affidavit, and (e) 2.9 hours for the Reply brief.[2]

In *Spangles*, the court awards fees of $3,915.90, reflecting (a) 7.9 hours of work subsequent to the summary judgment memorandum; (b) $1586 (one third of the total time billed in all three cases for researching sanctions); and (c) applying the 10% reduction for "billing judgment" otherwise provided for by defendant. (Dkt. 39-15, at 7).

In *Regal Hotels*, the court awards fees of $9,678.50, reflecting (a) 13.7 hours of work subsequent to the summary judgment memorandum; (b) $ 1586 (one third of the total time billed in all three cases for researching sanctions); (c) 6.6 hours documenting the fee application specific to Regal Hotels (Dkt. 40-11 at 4); and (d) the cost of the Stout affidavit.

The court finds that the times incurred as provided here are in each instance reasonable in light of the circumstances of the case.

---

[2] Defendant requested compensation based on 5.8 hours expended for the Reply brief. The court finds that such an amount of time is not reasonable, given both the brevity of the reply, its substantial similarity to the replies of other defendants, and the repetition of arguments previously made with respect to the relevance of discovery request.

IT IS ACCORDINGLY ORDERED this day of May 2019, that the defendants' Motions for Fees (*Adams v. Cowley Cinema 8*, No. 18-1034, Dkt. 29; *Adams v. Spangles*, No. 18-1046, Dkt. 38; *Adams v. Regal Hotels*, No. 18-1047, Dkt. 39) are hereby granted as provided herein.

s/ J. Thomas Marten<br>J. Thomas Marten, Judge